UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**DALE L. PICARDAT, JR.,**
        Plaintiff,

v.

**CITY OF MIAMI; TASHARA ALLEYNE; JOHN ASKEW; DANIEL MOGRO; and ROBIN SPARKS,**
        Defendants.
_____/

Case No. 15-24305-CIV-GAYLES

## ORDER

**THIS CAUSE** comes before the Court on the Defendant City of Miami's (the "City") Motion to Dismiss Count I [ECF No. 16]. The Plaintiff, Dale L. Picardat, Jr., *pro se*, filed an eight-count Complaint on November 19, 2015, in which he alleges various illegal actions perpetrated against him by the City and the other Defendants (all police officers employed by the City), all in violation of 42 U.S.C. § 1983. Count I of the Complaint, captioned "General Allegations," according to the Plaintiff, "squarely summarizes the driving force of the complaint; collectively placing all defendants on notice of the purpose, harm caused to the plaintiff and relief for injuries with supporting facts falling within the four corners of the complaint." Pl.'s Resp. at 2. The allegations in Count I are as follows:

- Paragraph 95 of the Complaint (the first substantive paragraph contained in Count I) recites the legal standard for § 1983 actions;

- Paragraph 96 alleges that, in violation of § 1983, all of the Defendants together "deprived Plaintiff of his constitutionally protected rights by conducting an unauthorized, warrantless illegal vehicle stop, search, [and] seizure";

- Paragraph 97 alleges that the actions of all of the Defendants "were not objectively reasonable under the Fourth Amendment for qualified immunity under the totality of circumstances";

- Paragraph 98 alleges that "[a]s a direct and proximate and foreseeable result of the acts and omissions of the Defendants," the Plaintiff suffered various injuries; and

- Paragraph 99 alleges that "[t]he conduct of the Defendants was willful, malicious, oppressive, and/or reckless."

*See* Compl. ¶¶ 95-99. The City has moved to dismiss Count I against it, or strike Count I from the pleadings. It contends that Count I is "redundant" and "non-specific," and that it does not state a claim upon which relief can be granted. *See* Def.'s Mot at 1-2.

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions")), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, — U.S. —, 132 S. Ct. 1702 (2012); *see also Iqbal*, 556 U.S. at 681 (stating that conclusory allegations are "not entitled to be assumed true").

The Eleventh Circuit has promulgated a "two-pronged approach" in applying the principles of *Twombly* and *Iqbal*: first, "eliminate any allegations in the complaint that are merely legal conclusions"; and second, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120

(11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Finally, in reviewing the Complaint, the Court must apply the "liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The allegations in Count I contain no factual statements, but rather nothing more than a formulaic series of legal rules and associated conclusions, which together fail to state a plausible claim for relief. *Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) (per curiam). The *Iqbal* pleadings standards require "detailed factual allegations," but the Plaintiff has instead constructed Count I out of the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that *Iqbal* explicitly denounces. 556 U.S. at 678.

Accordingly, it is

**ORDERED AND ADJUDGED** that Count I of the Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** as to Defendant City of Miami.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE